# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MICHELLE TROTTER, | CIVIL CASE NO. 3:14-cv-0099 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | JURY TRIAL DEMANDED |
| 7R HOLDINGS, LLC, LUIS A. RUBI GONZALEZ, M/Y OLGA, | Action Filed : November 19, 2014<br>Trial Date    : None set |
| Defendants. | |

Plaintiff, MICHELLE TROTTER, hereby alleges as follows:

**JURISDICTION/VENUE**

1. Plaintiff, MICHELLE TROTTER, is a resident of the State of Florida.

2. Plaintiff is informed and believes, and based thereupon alleges, that defendant, 7R HOLDINGS, LLC, LUIS A. RUBI GONZALEZ, are residents or business entities operating out of Puerto Rico, and at the time of this incident, are, and were, operating sailing charters from the Island of St. Thomas, within the Territory of the United States Virgin Islands.

3. The M/Y OLGA is a vessel owned and operated by 7R HOLDINGS, LLC, LUIS A. RUBI GONZALEZ, and, at the time of this incident, was operating from the Island of St. Thomas, within the Territory of the United States Virgin Islands.

4. This suit herein arises and is within the Admiralty and Maritime jurisdiction of the above-entitled court pursuant to the Jones Act, 46 U.S. Code § 30104, et seq., and under the General Maritime Laws, and is for personal injuries and for damages and sums to be paid therefore arising out of plaintiff's employment as a crew member aboard M/Y OLGA; and that Plaintiff, MICHELLE TROTTER, is a seaman within the designation of persons permitted to suit herein without furnishing bond, or pre-payment of, or making deposit to secure fees, and costs for entering into and prosecuting suits conforming with the provision of 28 U.S. C. Section 1916.

/ / /

---

Plaintiff's Complaint for Damages and Demand for Jury Trial

### FIRST CAUSE OF ACTION
**(Unseaworthiness)**

5. Plaintiff realleges paragraph 1 through 4 and incorporates the same by reference as a part hereof as though fully set forth herein.

6. Plaintiff is informed and believes, and based thereupon alleges, that at all times herein mentioned, Defendants, 7R HOLDINGS, LLC, LUIS A. RUBI GONZALEZ, and each of them, owned, operated, maintained, entrusted, and controlled the vessel, M/Y OLGA, and at the time of this incident, was operating the vessel M/Y OLGA from the Island of St. Thomas, within the Territory of the United States Virgin Islands.

7. Plaintiff is further informed and believes, and based thereupon alleges that at the present time or during the pendency of this suit, the above-named Defendant vessel will be in the jurisdiction of this Court.

8. That at all times herein mentioned, plaintiff was employed on the vessel, owned by the Defendants, and each of them, as a chef on board the M/Y OLGA, and was in fact a member of the crew of the vessel; that this action is prosecuted by virtue of the provision of 46 U.S.C. Section 30104, et seq., and under the General Maritime Law.

9. That at all times herein, mentioned, there was and still is in force and effect an Act of Congress known as the Merchant Marine Act, approved June 5, 1920, C.250, 41 State. 1007, 46 U.S.C. § 688, and codified on October 6, 2002, as 46 USC § 30104, otherwise known as the Jones Act.

10. Plaintiff is informed and believes, and based thereupon alleges, that on or about December 26, 2012, M/Y OLGA was engaged in maritime operations on navigable waters starting in St. Thomas, United States Virgin Islands. The M/Y OLGA then proceeded to the Marriott at Scrub Island in the British Virgin Islands, where the vessel tied up at the dock so that Plaintiff could get certain spices for the vessel from the kitchen at Scrub Island. The stairs that Plaintiff was required to traverse in order to discharge her duties as a chef aboard the M/Y OLGA had uneven rise and runs, did not have a handrail and were in a dangerous condition so that persons using the stairs were likely to misstep or sustain injuries. Plaintiff was required to ascend and descend the stairs in order

to perform her necessary duties. While descending the stairs, Plaintiff misstepped due to the uneven rise and runs and lack of a handrail, resulting in Plaintiff falling and sustaining severe and debilitating injuries and damages, as herein alleged.

11. Plaintiff is informed and believes, and based thereupon alleges, the Captain of the M/Y OLGA knew, or should have known of the dangerous condition of the stairs due to prior visits to Scrub Island, and that Plaintiff was not warned of, or provided with, alternative access by the vessel to the kitchen at Scrub Island to obtain the spices in order to discharge her necessary duties.

12. Plaintiff is informed and believes, and based thereupon alleges, that since Plaintiff was required to ascend and descend the stairs in order to discharge her necessary duties and the condition of the stairs represented a dangerous condition due to the uneven rise and runs and lack of a handrail, that the doctrine of unseaworthiness applies since the route to the kitchen that Plaintiff was required to use by Defendants, and each of them, was an extension of the vessel which Plaintiff was required to traverse in order to perform her duties for the vessel. Plaintiff is informed and believes, and based thereupon alleges, that under the doctrine of unseaworthiness, Defendants, and each of them, had a duty not to expose its seamen to an unseaworthy condition and the set of stairs Plaintiff was required to use represented an unseaworthy condition of the vessel.

13. As a direct and proximate result of the unseaworthiness of the vessel of Defendants, and each of them, as hereinabove alleged, Plaintiff, MICHELLE TROTTER, was hurt and injured in her health, strength and activity, in all parts of her body, and sustained shock and injury to her nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous anxiety, and pain and suffering. Plaintiff, MICHELLE TROTTER, is informed and believes and thereon alleges, that these injuries will result in some permanent disability to plaintiff, all to her general damage, in an amount to be proven at time of trial.

14. As a further direct and proximate result of the unseaworthiness of the vessel of Defendants, and each of them, as hereinabove alleged, Plaintiff, MICHELLE TROTTER, was required to, and did, employ physicians, surgeons and therapists to treat and care for her and did sustain expenses for such medical treatment and care, hospitalization, medicine, and for other and further medical and incidental care, for which plaintiff has incurred liability in an amount as yet

Plaintiff's Complaint for Damages and Demand for Jury Trial

unascertained. Plaintiff, MICHELLE TROTTER, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

15. Plaintiff, MICHELLE TROTTER, is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the unseaworthiness of the vessel of Defendants, and each of them, as hereinabove alleged, she will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur liability therefrom. Plaintiff, MICHELLE TROTTER, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all said additional medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

16. As a further direct and proximate result of the unseaworthiness of the vessel of Defendants, and each of them, as hereinabove alleged, plaintiff, MICHELLE TROTTER, became incapacitated and was prevented from following her usual occupation for an undetermined period of time; and as a result thereof, said plaintiff suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount. Plaintiff, MICHELLE TROTTER, prays leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

## SECOND CAUSE OF ACTION
### (Negligence)

17. Plaintiff realleges paragraphs 1 through 16, and incorporates the same as a part hereof as though fully set forth herein.

18. Plaintiff is informed and believes that the direct and proximate cause of her injuries and damages, as mentioned above, was the negligence of Defendants, and each of them, in requiring Plaintiff to ascend and descent a set of stairs at Scrub Island to obtain necessary supplies for the vessel that Defendants, knew, or should have known, were in a dangerous condition. The conduct of Defendants, and each of them, in requiring Plaintiff to ascend and descend a set of stairs in a dangerous condition as part of her employment duties aboard the M/Y OLGA was negligent and careless, thereby causing injuries and damages to Plaintiff, as herein alleged.

Plaintiff's Complaint for Damages and Demand for Jury Trial

1   19.    As a direct and proximate result of the negligence and carelessness of Defendants, and each of them, as hereinabove alleged, plaintiff, MICHELLE TROTTER, was hurt and injured in her health, strength and activity, in all parts of her body, and sustained shock and injury to her nervousness system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous anxiety, and pain and suffering.  Plaintiff, MICHELLE TROTTER, is informed and believes, and based thereupon alleges, that these injuries will result in some permanent disability to plaintiff, all to her general damage, in an amount to be proven at time of trial.

20    As a further direct and proximate result of the negligence and carelessness of Defendants, and each of them, as hereinabove alleged, Plaintiff, MICHELLE TROTTER, was required to, and did, employ physicians, surgeons and therapists to treat and care for her and did sustain expenses for such medical treatment and care, hospitalization, medicines and for other and further medical and incidental care, for which plaintiff has incurred liability in an amount as yet unascertained. Plaintiff, MICHELLE TROTTER, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

21.    Plaintiff, MICHELLE TROTTER, is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the negligence and carelessness of Defendants, and each of them, as hereinabove alleged, she will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur liability therefrom.  Plaintiff, MICHELLE TROTTER, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable expenses when same have been ascertained, or to prove same at time of trial.

22.    As a further direct and proximate result of the negligence and carelessness of Defendants, and each of them, as hereinabove alleged, plaintiff, MICHELLE TROTTER, became incapacitated and was prevented from following her usual occupation for an undetermined period of time; and as a result thereof, said plaintiff suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount. Plaintiff, MICHELLE TROTTER,

Plaintiff's Complaint for Damages and Demand for Jury Trial

prays leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

### THIRD CAUSE OF ACTION
### (Maintenance and Cure)

23.   Plaintiff realleges paragraphs 1 through 22, and incorporates the same as a part hereof as though fully set forth herein.

24.   On or about the above time and place, while Defendants' vessel was on navigable waters, Plaintiff became injured while in the service of the vessel.

25.   Upon Plaintiff's becoming injured, it became the duty of Defendants, and each of them, to pay Plaintiff the expenses of her maintenance and cure and wages until Plaintiff reached maximum possible cure, which Defendants, and each of them, have neglected to pay.

26.   That by reason of Defendants refusal and failure to pay maintenance and cure, Plaintiff has incurred damages, and has also incurred attorney's fees and costs, in an amount presently unknown and Plaintiff is therefore entitled to attorney's fees and costs and interest thereon, all in an amount to be proven at time of trial. Plaintiff is informed and believes, and based thereupon alleged, that she will suffer further damages in an amount which is not known at this time, and she prays leave to insert the same when fully ascertained.

27.   Plaintiff is further informed and believes, and based thereupon alleges, that Defendants failure and refusal to pay maintenance and cure was arbitrary, capricious, malicious, willful, oppressive and therefore entitles plaintiff to an award of punitive damages and attorney's fees and costs in an amount to be proven at time of trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff's Complaint for Damages and Demand for Jury Trial

WHEREFORE, Plaintiff prays judgment against Defendants, and each of the, as follows:

1. For general damages, all in an amount to be proven at the time of trial;
2. For medical and related expenses, past, present and future, all in an amount to be proven at the time of trial;
3. For loss of earnings or earning ability, past, present and future, all in an amount to be proven at the time of trial;
4. For maintenance and cure, all in an amount to be proven at time of trial;
5. For attorney's fees, all in an amount to be proven at time of trial;
6. For exemplary and punitive damages, all in an amount to be proven at time of trial;
7. For a trial by jury pursuant to Rule 38, Federal Rules of Practice;
8. For costs of suit incurred herein; and
9. For such other and further relief as this Court deems just and proper.

Dated : November 19, 2014       **LAW OFFICES OF FRIEDBERG & BUNGE**

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ. (VI#1006)
Attorneys for Plaintiff, MICHELLE TROTTER
610 West Ash Street, Suite 1400
P.O. Box 6814
San Diego, California 92101
TEL : (619)557-0101
FAX:  (619)557-0560
"tom@lawofficefb.com"

## DEMAND FOR JURY

Plaintiff hereby demands a jury trial pursuant to Rule 38, of the Federal Rules of Practice.

Dated : November 19, 2014       **LAW OFFICES OF FRIEDBERG & BUNGE**

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ. (VI#1006)
Attorneys for Plaintiff, MICHELLE TROTTER
610 West Ash Street, Suite 1400
P.O. Box 6814
San Diego, California 92101
TEL : (619)557-0101
FAX:  (619)557-0560
"tom@lawofficefb.com"

Plaintiff's Complaint for Damages and Demand for Jury Trial