**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **MICHELLE TROTTER,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil No. 2014-99** |
| ) | |
| **7R HOLDINGS, LLC, LUIS A. RUBI** ) | |
| **GONZALEZ, M/Y OLGA,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**ATTORNEYS:**

**Thomas F. Friedberg, Esq.**
Law Offices of Friedberg & Bunge
San Diego, CA
    *For the plaintiff,*

**Jennifer Quildon Miller, Esq.**
Hanilton, Miller & Birthisel, LLP
Miami, FL
    *For the defendants.*


**MEMORANDUM OPINION**

**GÓMEZ, J.**

    Before the Court is the motion of the defendants 7R
Holdings, LLC, M/Y Olga, and Luis A. Rubi Gonzalez (collectively
the "defendants") to dismiss this case for *forum non conveniens.*

**I.    FACTUAL AND PROCEDURAL HISTORY**

    The M/Y Olga (the "Olga"), is a yacht that is owned and
operated by 7R Charters Limited.  The Olga is registered in the
British Virgin Islands ("BVI").  7R Charters Limited is held by
7R Holdings, LLC ("7R Holdings").  Luis A. Rubi Gonzalez
("Gonzalez") is a director of 7R Charters Limited.

    Michelle Trotter ("Trotter") was hired to serve as a chef

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 2

on the Olga. Trotter flew to St. Thomas, United States Virgin
Islands, on December 19, 2012.  The Olga was docked in St.
Thomas at that time for provisioning.  The Olga moved to Scrub
Island, BVI, on December 24, 2012.  Trotter also went to Scrub
Island at that time.  On December 26, 2012, while the Olga was
docked at Scrub Island, Trotter descended a set of stairs and
fell, suffering injuries.[1]  Trotter alleges that the stairs she
fell down had uneven rises and runs and lacked a handrail.

The defendants assert that, thereafter, Trotter was
transported to Peebles Hospital in Tortola, BVI, and was treated
for her injuries. The defendants state that Patricio Ramirez, a
deckhand on the Olga, accompanied Trotter to the hospital.

On December 28, 2012, the Olga, along with her crew and
passengers, returned to the United States Virgin Islands. The
next day, Trotter disembarked and boarded a flight to Florida.
Once in Florida, Trotter received additional medical attention.
Trotter asserts that she was injured "in all parts of her body"
and "sustained shock and injury to nervousness [sic] system and
person[.]" *Compl.* ¶ 19.

Trotter filed a complaint in this matter on November 19,
2014.  In her complaint, Trotter asserts claims under the Jones
Act, 46 U.S.C. § 30104, for: (1) unseaworthiness; (2)

---

[1] It is currently unclear to the Court where exactly the stairs were located.
The record does not reflect whether the stairs were a part of the dock, an
extension of the Olga, or on the shore.

negligence; and (3) maintenance and cure. The defendants
appeared and filed a motion to dismiss for *forum non conveniens*.
The defendants assert that the appropriate forum for this matter
is the BVI, where the injury occurred. Trotter opposes the
motion.

## II.  <u>DISCUSSION</u>

According to the doctrine of *forum non conveniens,* a
district court has the discretion to dismiss a case when: "(1)
an alternative forum has jurisdiction to hear the case; and (2)
when trial in the plaintiff's chosen forum would establish
oppressiveness and vexation to a defendant out of all proportion
to the plaintiff's convenience, or when the chosen forum is
inappropriate due to the court's own administrative and legal
problems." *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma
SA*, 623 F.3d 147, 160 (3d Cir. 2010).  When jurisdiction exists,
a plaintiff's choice of forum "is normally due considerable
deference" and "'should rarely be disturbed.'" *Lony v. E.I. Du
Pont de Nemours & Co.*, 935 F.2d 604, 608-09 (3d Cir. 1991)
(quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 255- 56
(1981)).  "[D]ismissal for *forum non conveniens* is the exception
rather than the rule," *id.* at 609 (quoting *Lacey v. Cessna*

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 4

*Aircraft* Co., 862 F.2d 38, 45-46 (3d Cir. 1988)(*Lacey I* )),

and "the defendant bears the burden of persuasion on all

elements of the *forum non conveniens* analysis." *Id.*  Courts

often decide the issue of *forum non conveniens* based only on

affidavits submitted by the parties; "extensive

investigation" is unnecessary and would "defeat the purpose"

of such a motion. *See Piper Aircraft Co. v. Reyno*, 454 U.S.

235, 258 (1981).

## III. <u>ANALYSIS</u>

When considering a motion to dismiss for *forum non
conveniens* a Court must undertake a three-step inquiry.  The

Court must (1) determine whether there is an adequate

alternative forum; (2) determine the appropriate level of

deference to give the plaintiff's choice of forum; and (3)

balance the relevant public and private interest factors.

*Eurofins Pharma*, 623 F.3d at 160.  In conducting this

analysis, courts assess a "range of considerations, most

notably the convenience to the parties and the practical

difficulties that can attend the adjudication of a dispute in

a certain locality." *Sinochem Int'l Co. Ltd. v. Malaysia

Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007)(quoting

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723

(1996))(quotation marks omitted).  The Court will address

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 5

each factor in turn.

## 1. Adequate Alternative Forum

The first step in the *forum non conveniens* inquiry is
to determine whether there is an adequate alternative
forum. See *id.* "Ordinarily, this requirement will be
satisfied when the defendant is 'amenable to process' in
the other jurisdiction." *Piper Aircraft,* 454 U.S. at 254
n.22 (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501,
506-07 (1947)). A forum may be deemed an inadequate
alternative under those "rare circumstances ... where the
remedy offered by the other forum is clearly
unsatisfactory." *Id.* For example, a forum is inadequate
"where the alternative forum does not permit litigation of
the subject matter of the dispute," *id.,* or "[w]here a
plaintiff cannot access evidence essential to prove a
claim." *See Eurofins Pharma*, 623 F.3d at 161 n.14. If the
proposed alternative forum is inadequate, it would be
improper to dismiss the case for *forum non conveniens. See
Piper Aircraft,* 454 U.S. at 254 n.22.

The defendants have proposed the BVI as an
adequate alternative forum. The defendants also have
stipulated that they will submit themselves to the
jurisdiction of the BVI courts. *See* ECF 18 at 3-4; ECF
12-3 at 4.

The courts of the BVI are part of the court system of

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 6

the Eastern Caribbean Supreme Court (the "ECSC"). British
Virgin Islands Const. ¶ 89-90. The ECSC is an international
judicial system which operates in several Caribbean
countries. Broadly speaking, the ECSC is bipartite in
structure. There are trial courts, known as "High Courts of
Justice," in each country, and a single "Court of Appeal,"
which hears appeals from the High Courts. *See* ECSC Civ.
Procedure Rule 39.1-39.7; 62.1 [hereinafter ECSC Civ. P.R.].
The ECSC Civil Procedure Rules provide for substantial
discovery rights, and permit the High Courts to compel
disclosure of documents by court order. ECSC Civ. P.R. 28.1-
28.18. Parties are entitled to obtain "information about any
matter which is in dispute in the proceedings." ECSC Civ. P.R.
34.1(1). The Rules also provide means by which the parties
may compel the attendance of witnesses at trial. ECSC Civ. P.
R. 33.2. Parties may also compel the attendance of witnesses
at depositions, with leave of the High Court. ECSC Civ. P. R.
33.7.

Trials before the High Courts are held in public, and
written transcripts of the proceedings are made. *See* ECSC
Civ. P. R. 29.2; 62.12(3). The primary form of adducing
evidence at trial is by live testimony, although the Rules
give courts substantial discretion to accept evidence by

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 7

way of documents, experts, and by other means if witnesses

are unavailable. ECSC Civ. P. R. 29.2(2)(a), 31.1, 32.1,

33.14-33.15.

Upon obtaining a money judgment, a party may enforce it

in several ways, including by a writ of execution or by

attachment. ECSC Civ. P. R. 45.2, 46.1, 50.2. A judgment of

the High Court may be appealed as a matter of right to the

Court of Appeals. ECSC Civ. P. R. 62.4(1).

The jurisdiction of the ECSC extends to all individuals

residing or doing business in the BVI. *IPOC Int'l Growth Fund

v. LV Finance Grp. Ltd.*, [2005] Civ. App. Nos. 20 of 2003 and

1 of 2004 at 12-13 [¶ 27(iii)](British Virgin Islands)("the

court will look to what is the 'natural forum'. . . that

which the action has the most real and substantial

connection.")(internal citations omitted); *see also* ECSC Civ.

P. R. 7.3(4)(providing for "service out" when a "claim in

tort is made and the act causing the damage was committed

within the jurisdiction or the damage was sustained within

the jurisdiction."). The ECSC has adopted the common law of

the United Kingdom, and recognizes the claim of negligence as

well as the common-law defenses to it. *See Frett- Henry v.

Tortola Concrete Ltd.*, [2011] Civ. App. No. 24 of 2008

(British Virgin Islands)(interpreting negligence and defense

of contributory negligence under the common law).

All three defendants assert that the BVI is an adequate alternative forum.  To that end, they direct the Court to their amenability to process and trial in the BVI. *See* ECF 12 at 2; ECF 12-3 at 4; ECF 18 at 3-4.  The defendants also note the similarities between judicial processes in the BVI and the United States.  It further appears that the judicial system of the British Virgin Islands would recognize Trotter's negligence claim.  Ordinarily, this would suffice to show that the BVI was an adequate alternative forum. *See Piper Aircraft, 454 U.S. at 255*  n.22.

Notwithstanding those circumstances, Trotter asserts that the BVI is not an adequate forum because: BVI courts are not obligated to apply the Jones Act to maritime claims and a jury trial would be unavailable.

**a. Applicability of the Jones Act**

Trotter asserts that the first reason why the BVI is an inadequate alternative forum is that the Jones Act will be unavailable to her.  The Supreme Court has held that the "possibility of an unfavorable change in law should not, by itself, bar dismissal." *Piper Aircraft Co.*, 454 U.S. at 238; *see also In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d 951, 957 (7th Cir. 2007)("[L]aw in the

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 9

United Kingdom need not be identical to U.S. law, or even as favorable to plaintiffs as U.S. law may be."); *Alcoa S.S. Co., Inc. v. M/V Nordic Regent*, 654 F.2d 147, 159 (2d Cir. 1980)(holding that inadequacy of alternative forum was not established by prospect of lesser recovery).  While perhaps less favorable to the plaintiff, a less favorable law regarding liability and damages does not make a foreign court inadequate. *See Piper Aircraft Co.*, 454 U.S. at 238, 247 (holding that "[t]he Court of Appeals erred in holding that plaintiffs may defeat a motion to dismiss on the ground of *forum non conveniens* merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum.").

**b. Lack of a Jury Trial**

Trotter asserts that the second reason why the BVI is an inadequate alternative forum is that a jury trial will be unavailable to her.  In a *forum non conveniens* analysis, it is well settled that "'some inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate.'" *Borden, Inc. v. Meiji Milk Prods. Co., Ltd.*, 919 F.2d 822, 829 (2d Cir. 1990)

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 10

(quoting *Shields v. Mi Ryung Constr. Co.*, 508 F. Supp. 891,

895 (S.D.N.Y. 1981)); *see also Alcoa S.S. Co., Inc.*, 654 F.2d

at 159(holding that inadequacy of alternative forum was not

established by prospect of lesser recovery); *Blanco v. Blanco

Indus. de Venezuela, S.A.*, 997 F.2d 974, 981–82 (2d Cir.

1993)(holding that general "systemic deficiencies" in

Venezuela judicial system, hostility to foreign suitors, and

public unrest did not render Venezuela inadequate alternative

forum).  While perhaps inconvenient, the lack of a jury does

not make a foreign court inadequate. *See, e.g.*, *Lockman

Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768

(9th Cir. 1991)(holding that lack of trial by jury does not

render Japan inadequate forum).

## 2. Deference Due to Plaintiff's Choice of Forum

The second consideration that the Court must address

is the appropriate level of deference that must be given to

Trotter's choice of forum.  "Ordinarily, great deference is

accorded a plaintiff's choice of forum, but the amount of

deference due is less when the plaintiff is foreign." *Lony

v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d

Cir. 1989)(citing *Piper Aircraft,* 454 U.S. at 255.)  *Where*

the plaintiff is an American citizen, his "'home forum' ...

is a United States court...." *Guidi v. Inter–Continental*

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 11

*Hotels Corp.*, 224 F.3d 142, 146 (2d Cir. 2000).   The particular state where an American plaintiff resides is not relevant to the *forum non conveniens* analysis when the alternative forum is a foreign court.   *Id.* at 146. n.4 (holding that, when American plaintiffs sue foreign defendant, "the states where Plaintiffs reside are not relevant to the *forum non conveniens* analysis in this case."); *Reid-Walen v. Hansen,* 933 F.2d 1390, 1394 (8th Cir. 1991) *(in* a *forum non conveniens* case involving a foreign court, "the 'home forum' for the plaintiff is any federal district in the United States, not the particular district where the plaintiff lives.").

By choosing to litigate in a United States court, Trotter, as an American citizen, has chosen her "home forum." As such, her choice is entitled to "great deference," *Lony,* 886 F.2d at 633.   "[A] strong presumption of convenience", *Windt v. Qwest Commc'ns Int'l, Inc.,* 529 F.3d 183, 190 (3d Cir. 2008)*,* thus exists in favor of Trotter's choice of forum.   "[T]his presumption may only be overcome when the balance of the public and private factors clearly favors an alternate forum." *Id.*

## 3. Balance of Public and Private Interests

To determine whether Trotter's choice of forum may be overcome, the Court must balance "the relevant public and

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 12

private interest factors." *Eurofins Pharma,* 623 F.3d at 160.

"If the balance of these factors indicates that trial in the

chosen forum would result in oppression or vexation to the

defendant out of all proportion to the plaintiff's

convenience, the district court may, in its discretion,

dismiss the case on *forum non conveniens* grounds." *Id.*

(quotation marks omitted)(quoting *Windt v. Qwest Commc'ns*

*Int'l, Inc.,* 529 F.3d 183, 190 (3d Cir.2008)).  The public

and private interest factors that the court must consider

were enumerated by the Supreme Court in *Gulf Oil Corp. v.*

*Gilbert,* 330 U.S. 501, 508-09 (1947), and *Piper Aircraft Co.*

*v. Reyno,* 454 U.S. 235, 241 & n.6 (1981). *See also Delta Air*

*Lines, Inc. v. Chimet, S.P.A.,* 619 F.3d 288, 296 (3d Cir.

2010).

The Court must consider private interest factors that

affect the convenience of the litigants, including the

following *Gilbert* factors:

> the relative ease of access to sources of
> proof; availability of compulsory process for
> attendance of unwilling, and the cost of
> obtaining attendance of willing, witnesses;
> possibility of view of premises, if view would
> be appropriate to the action; and all other
> practical problems that make trial of a case
> easy, expeditious and inexpensive.

*Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623

F.3d 147, 161 (3d Cir. 2010)(quoting *Gilbert*, 330 U.S. at

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 13

508); *see also Piper Aircraft*, 454 U.S. at 241 & n.6; *Delta Air Lines*, 619 F.3d at 296.

The public interest factors include:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Eurofins Pharma*, 623 F.3d at 161-62 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6 (quoting *Gilbert*, 330 U.S. at 509)); *Delta Air Lines*, 619 F.3d at 296. The *Gilbert* factors are not exhaustive, and some factors may not be relevant in a given case. *See Delta Air Lines*, 619 F.3d at 295 (citing *Van Cauwenberghe v. Biard*, 486 U.S. 517, 520 (1988)). "The defendant bears the burden of persuasion at each stage in the analysis, and a district court abuses its discretion if it fails to hold the defendant to its burden." *Id.*

## A. Private-Interest Factors

The first two *Gilbert* factors concern "the relative ease of access to sources of proof" and the "availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses...." *Gilbert,* 330 U.S. at 508.

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 14

In *Delta Air Lines, Inc. v. Chimet, S.P.A.,* 619 F.3d
288 (3d Cir. 2010), the dispute centered on a stolen shipment
of platinum.  The defendant, Chimet, S.P.A. ("Chimet"),
arranged for the plaintiff, Delta Air Lines, Inc. ("Delta")
to transport 100 kilograms of pure platinum from Milan,
Italy, to Philadelphia, Pennsylvania.  After the platinum
arrived in Philadelphia, but before it reached its ultimate
destination, it was stolen.  Delta then brought suit in the
Eastern District of Pennsylvania, seeking a declaration that
it was not liable for the lost platinum.  Chimet moved to
dismiss on *forum non conveniens* grounds.

*Chimet* contended that the private-interest factors
counseled in favor of dismissal in part because "all of the
evidence regarding the communications between Chimet and
Delta, the meaning of [a disputed contract term], and
whatever documentary evidence exists outside of the air
waybill [a form contract for shipment services] and delivery
receipt is in Italy." *Id.* at 296.  Chimet also maintained
that it "would need to depose third-party witnesses who
reside in Italy, speak only Italian, and are beyond the
scope of the Court's subpoena power." *Id.*  In support of its
claim, Chimet produced an affidavit attesting to the need to
obtain testimony from various Italian witnesses and to
obtain evidence from various Italian sources.

The court held that Chimet "met its burden that this
evidence may only be obtained in Italy." *Id.* at 299.  In so
concluding, the court explained that "[a] party seeking to
dismiss an action on *forum non conveniens* grounds is not
required 'to describe with specificity the evidence they
would not be able to obtain if trial were held in the United
States.'" *Id.* (quoting *Piper Aircraft,* 454 U.S. at 258).
Rather, the defendant 'must provide enough information to
enable the District Court to balance the parties'
interests.'" *Id.* (quoting *Piper Aircraft,* 454 U.S. at 258,
and rejecting the suggestion that "defendants seeking *forum
non conveniens* dismissal must submit affidavits identifying
the witnesses they would call and the testimony these would
provide if the trial were held in the alternative forum,"
explaining that "[s]uch detail is not necessary.").

**i. Evidence and Eyewitnesses**

The first and second private-interest factors concern
"the relative ease of access to sources of proof [and]
availability of compulsory process for attendance of
unwilling [witnesses]." *Gilbert,* 330 U.S. at 508.
Defendants list some potential witnesses who are residents
of the BVI.  Defendants direct the Court to the affidavit of
Captain Bernard Calot ("Calot").  In his affidavit, Calot
lists several groups of employees which may have knowledge

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 16

of this incident.  Calot believes employees from the Scrub
Island Resort, Spa & Marina (the "resort") may "have
knowledge of the alleged injuries." *Aff. Captain Bernard
Calot* ECF. 12-2 at 2.  The doctors at Peebles Hospital in
BVI, where Trotter was initially treated, will have
information as to Trotter's initial condition and treatment.

It is well established that "foreign nationals are
beyond the court's subpoena power." *Relational, LLC v.
Hodges*, 627 F.3d 668, 673 (7th Cir. 2010).  As such, the
Court would be unable to compel the attendance of the
resort's employees and doctors at Peebles Hospital. *See id*.

As for the potential witnesses from the crew, only one
member of the crew is a citizen of the United States.  The
composition of the rest of the crew consists of two people
who reside in Mexico, one who resides in Thailand, and one
who resides in Canada.  One crew member resides in Florida.

Among all of the potential fact witnesses, none of them
reside in the Virgin Islands and many of them reside in the
BVI.  This factor strongly favors the case being heard in the
BVI.

**ii. Premises**

The third private-interest factor concerns the
"possibility of view of premises, if view[ing] would be
appropriate to the action...." *Gilbert,* 330 U.S. at 508.
Here, Trotter alleges the accident did not occur on any

premises, but rather at sea.  To the extent the vessel may be
considered "premises," the vessel in question is owned and
operated by a BVI corporation.  Thus, to the extent it is
applicable, this factor counsels in favor of dismissal.

Defendants have stated in an affidavit provided by Calot
that the accident occurred on land at the resort.  One aspect
of the defendant's defense is that Trotter is suing the wrong
defendant and Trotter's fall occurred on the resort's
property.  This factor counsels in favor of dismissal.

### iii. Other Practical Considerations

The Court is also to give due consideration to "all
other practical problems that make trial of a case easy,
expeditious and inexpensive." *Gilbert,* 330 U.S. at 508.
Given none of the parties or witnesses are located in St.
Thomas, both parties would incur significant expenses
carrying out these proceedings in St. Thomas.  Carrying out
these proceedings in the BVI would help to reduce the costs
for the production of witnesses.  Furthermore, if these
proceedings were carried out in St. Thomas, there would be
difficulty in scheduling matters that required the parties'
presence.  The parties would need to come to St. Thomas for
hearings.  If the Court needed to quickly change a date or
time, this would further inconvenience the parties and

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 18

witnesses traveling to St. Thomas.  Whereas there will be
some inconvenience if these proceedings are carried out in
the BVI, the inconvenience would be far greater if the
Court retains this proceeding.  This factor counsels in
favor of dismissal.

**B. Public-Interest Factors**

Defendants also argue that the public interest
factors favor dismissal.

**i. Administrative Difficulties From Court Congestion**

The first factor concerns "the administrative
difficulties flowing from court congestion." *See Eurofins
Pharma*, 623 F.3d at 161-62.  Defendants do not actively argue
this factor is relevant in the current proceeding.  The Court
is also without information regarding the congestion of the
BVI's courts.  The Court is unable to compare the two court
systems.  As such, this factor is neutral.

**ii. Local Law**

The second and third public-interest factors concern
"the interest in having the trial of a diversity case in a
forum that is at home with the law that must govern the
action; [and] the avoidance of unnecessary problems in
conflict of laws, or in the application of foreign law...."
*Eurofins Pharma*, 623 F.3d at 161-62.

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 19

Here, the Court is uncertain whether United States law or BVI law would apply. However, the Court is mindful of the Supreme Court's warning in *Piper Aircraft Co.* that in a *forum non conviens* analysis, the Court should avoid becoming entangled in a complicated Choice-of-law analysis. *See Piper Aircraft Co.*, 454 U.S. at 263. As the *Piper Court* stated:

> If the possibility of a change in law were given substantial weight, deciding motions to dismiss on the ground of *forum non conveniens* would become quite difficult. Choice-of-law analysis would become extremely important, and the courts would frequently be required to interpret the law of foreign jurisdictions. First, the trial court would have to determine what law would apply if the case were tried in the chosen forum, and what law would apply if the case were tried in the alternative forum. It would then have to compare the rights, remedies, and procedures available under the law that would be applied in each forum. Dismissal would be appropriate only if the court concluded that the law applied by the alternative forum is as favorable to the plaintiff as that of the chosen forum. The doctrine of *forum non conveniens*, however, is designed in part to help courts avoid conducting complex exercises in comparative law. As we stated in *Gilbert*, the public interest factors point towards dismissal where the court would be required to "untangle problems in conflict of laws, and in law foreign to itself." 330 U.S., at 509, 67 S.Ct., at 843.

*Piper Aircraft Co.*, 454 U.S. at 263.

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 20

As such, this Court refrains from attributing much weight to this particular factor because of the uncertainty surrounding it at this time.

### iii. Jury Duty

Lastly, the Court is to consider "the unfairness of burdening citizens in an unrelated forum with jury duty." *Eurofins Pharma*, 623 F.3d at 161-62.  This action involves an injury sustained in the British Virgin Islands.  The only connection that the community of St. Thomas might have to this controversy would flow from Trotter boarding the Olga in St. Thomas.  That connection is tenuous at best.  It seems uniquely burdensome to require a jury in the United States Virgin Islands to consider foreign evidence and possibly apply foreign law.  Thus, the Court finds that this factor counsels in favor of dismissal.

### IV.  Conclusion

Trotter is a seaman who has brought a claim in her "home" forum.  Her choice of forum is entitled to considerable deference.  However, all of the relevant conduct in her claim occurred in the BVI.  The proof of which will require obtaining evidence and witnesses from the BVI.  The BVI has a judicial system capable of addressing those issues.  Indeed, this Court expects that the BVI's judiciary would have a keen interest in resolving such a

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 21

dispute.  As such, the Court will dismiss this action.

In doing so, the Court is mindful that dismissal is a harsh remedy.  At the same time, the Court cannot ignore the interests of the defendants in avoiding litigation that would be oppressive in this inconvenient forum, as well as the public's interest in allowing localized controversies to be decided locally.  In this case, these interests simply outweigh Trotter's interest in proceeding in the forum of her choice.  Accordingly, this action will be dismissed.

An appropriate Judgment follows.